MMC
SS

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

FILED
FEB 2 7 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Name BONE DONALD DOUGLAS
(Last) (First) (Initial)

Prisoner Number P. 30877

Institutional Address CALIFORNIA MENS COLONY WEST P.O. BOX 8301, SAN LOUIS OBISPO, CA. 93403-8301

MMC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

DONALD DOUGLAS BONE
(Enter the full name of plaintiff in this action.)

vs.

DIRECTOR
CALIFORNIA DEPT. OF CORRECTIONS & REHABILITATION
WARDEN JOHN MARSHAL
CALIFORNIA MENS COLONY
OFFICIALLY AND INDIVIDUALLY et al
(Enter the full name of the defendant(s) in this action)

CV 08 1156
Case No. ______
(To be provided by the clerk of court)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

(PR)

E-filing

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I. Exhaustion of Administrative Remedies

[Note: You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

A. Place of present confinement CALIFORNIA MENS COLONY

B. Is there a grievance procedure in this institution?

YES (X) NO ( )

C. Did you present the facts in your complaint for review through the grievance procedure?

YES(X) NO ( )

D. If your answer is YES, list the appeal number and the date and result of the

CTF S 07-04021

08-1156mmc

appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal BY PASS

2. First formal level CTF-S 07-04021 FILED AUG 20, 2007
REPLY DENIED

3. Second formal level CTF-S 07-04021 FILED OCT 10, 2007
INTERVIEWED BY P.G. DENNIS, APPEALS COORDINATOR OCT 20, 2007
DENIED ACCESS TO MY OWN ATTORNEYS DENIED

4. Third formal level CTF-S 07-04021 FILED NOV 13, 2007 C/O WILKERSON C.T.F. R&R
DEC 12, 2007 N. GRANNIS DENIED

E. Is the last level to which you appealed the highest level of appeal available to you? SEE: DIRECTORS LEVEL APPEAL DECISION LOG NO. CTF-S 07-04021 [EXHIBIT A]

YES (X) NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why.
N/A

II. Parties

A. Write your name and your present address. Do the same for additional plaintiffs, if any.

DONALD D BONE P. 30877
C.M.C. WEST 4-24-34
P.O. BOX 8301, SAN LOUIS OBISPO, CA. 93403-8301

B. Write the full name of each defendant, his or her official position, and his or her

place of employment. DIRECTOR

CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILATATION

1515 "K" STREET, SACRAMENTO, CA. 95814

WARDEN JOHN MARSHAL CALIFORNIA MENS COLONY

P.O. BOX 8301 SAN LOUIS OBISPO, CA. 93403-8301

et al

III. Statement of Claim

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

I
COMPLAINT

THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION IS ATTEMPTING TO TRANSFER PLANTIFF TO AN OUT-OF-STATE CORRECTIONAL FACILITY IN OKLAHOMA.

THIS IS THE 2ND ATTEMPT BY DEFENDANT TO TRANSFER PLANTIFF; WHEN PLANTIFF WAS FOUND "MEDICALLY INELIGIBLE" AND SENT TO CALIFORNIA MENS COLONY FOR MEDICAL TREATMENT WHICH DEFENDANT CONTINUES TO REFUSE TO PROVIDE.

SEE: ATTACHED MEMORANDUM OF POINTS AND AUTHORITIES

IV. Relief

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

ISSUE ORDER TO SHOW CAUSE OR EVIDENTIARY HEARING

ISSUE INJUNCTIVE ORDER / TEMPORARY RESTRAINING ORDER AGAINST DEFENDANT UNTIL SUCH TIME AS ALL CONSENT AND LEGAL CONSULTATION IS AFFORDED TO PLANTIFF IN ACCORDANCE WITH STATE AND FEDERAL LAWS.

APPOINT COUNSEL OR AWARD ATTORNEYS FEES

GRANT ANY AND ALL OTHER RELIEF DEEMED NECESSARY OR APPROPRIATE

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 21ST day of FEBRUARY, 2008

DONALD D BONG

DONALD DOUGLAS BONG
(Plaintiff's signature)

PREPARED BY: ZENAS

ORIGINAL

URGENT APPEAL, PLANTIFFS WELFARE IN JEOPARDY

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

**INSTRUCTIONS FOR FILING A COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §§ 1983**

**I. <u>42 U.S.C. §§ 1983</u>**

You may file an action under 42 U.S.C. §§ 1983 to challenge federal constitutional or statutory violations by state actors which affect the conditions of your confinement.

A §§ 1983 action may not be used to challenge the length of your sentence or the validity of your conviction. Such claims must be addressed in a petition for a writ of habeas corpus, on the correct forms provided by the clerk of the court.

**II. <u>Filing a §§ 1983 Action</u>**

To file a §§ 1983 action, you must submit: (1) an original complaint and (2) a check or money order for $250.00 <u>or</u> an original Prisoner's <u>In Forma Pauperis</u> Application.

This packet includes a complaint form and a Prisoner's <u>In Forma Pauperis</u> Application. When these forms are fully completed, mail the <u>originals</u> to: Clerk of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

**III. <u>Filing Fees</u>**

Under the Consolidated Appropriations Act of 2005, the filing fee for a § 1983 action filed on or after February 7, 2005 has been increased to $250.00 from $150.00, to be paid at the time of filing. If you are unable to pay the full filing fee at this time, you may petition the court to proceed <u>in forma pauperis</u>, using the Prisoner's <u>In Forma Pauperis</u> Application in this packet. You must fully complete the application and sign and declare under penalty of perjury that the facts stated therein are true and correct.

Each plaintiff must submit his or her own Prisoner's <u>In Forma Pauperis</u> Application. You must use the Prisoner's <u>In Forma Pauperis</u> Application provided with this packet and not any other version.

**IV. <u>Complaint Form</u>**

You must complete the entire complaint form. Your responses must be typewritten or legibly handwritten and you must sign and declare under penalty of perjury that the facts stated in the complaint are true and correct. Each plaintiff must sign the complaint.

Under 42 U.S.C. §§ 1997e, you are required to exhaust your administrative remedies before filing a §§ 1983 action; you must indicate clearly on the complaint form whether you have done so.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CASE NO. ____________

DONALD D BONE
Plantiff

v.

DIRECTOR ____________
CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHAB.
AND
WARDEN ____________
CALIFORNIA MENS COLONY
OFFICIALLY AND INDIVIDUALLY
Defendants et al

COMPLAINT UNDER THE CIVIL RIGHTS ACT TITLE 42 USC § 1983

C.O.C.F.

CALIFORNIA OUT-OF-STATE CORRECTIONAL FACILITY TRANSFERS

MEMORANDUM OF POINTS AND AUTHORITIES

IN NOMINI DOMINI NOSTRA JESUS CHRISTI

# MEMORANDUM OF POINTS AND AUTHORITIES

## I JURISDICTION

THIS ACTION ARISES OUT OF AN ACT BY DEFENDANT TO FORCE PLANTIFF INTO AN ILLEGAL ACT OF COMPULSATORY TRANSFER WITHOUT PROVIDING MANDATORY CONSENT AND PROHIBITING HIM ACCESS TO HIS LEGAL COUNSEL, IN VIOLATION OF LOCAL, STATE, FEDERAL AND CONSTITUTIONAL LAWS.

WHEREFORE, DEFENDANT LOCATED IN SACRAMENTO, AND INITIAL ACTION COMMENCED IN NORTHERN DISTRICT; THE PROPER VENUE FOR THIS CLAIM LIES WITHIN THE CIVIL RIGHTS ACT; 42 U.S.C § 1983 AND THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA. PLANTIFF HAS TIMELY EXHAUSTED ALL ADMINISTRATIVE REMEDIES [EXHIBIT A]

A FEDERAL COURT MUST CONSIDER A PRELIMINARY SCREENING IN ANY CASE IN WHICH A PRISONER SEEKS REDRESS FROM A GOVERNMENT AGENCY OR OFFICER OR EMPLOYEE OF A GOVERNMENT ENTITY 28 USC § 1915 A(a)

## II CHRONOLOGICAL DETAILS

SEPT 5, 2007 CHRONO - ELIGIBLE FOR TRANSFER DENTAL [EXHIBIT G]
I WAS NOT EXAMINED BY ANY DENTAL STAFF ON THE DATE IN QUESTION. NOR ANY OTHER TIME FOR THE PURPOSE OF DENTAL SCREENING.
DENTAL STAFF IE DR. P. BABIEUCO, J. ONEIL, AND K.B. SATHER DDS WERE AWARE OF MY IMPACTED TOOTH AND HAVE REFUSED TREATMENT FOR REFERENCE SEE: CASE # C 07-3314 (PR) BEFORE US DISTRICT COURT, NORTHERN DISTRICT

OCT 4, 2007 PLANTIFF INFORMED MR. ABE CAHMY THAT HIS LEGAL SERVICES WERE DECLINED [EXHIBIT B] AND THAT HE WOULD AVAIL HIMSELF OF HIS OWN ATTORNEYS ON RETAINER. (RUTLEDGE & BALDWIN) HE WAS DENIED ACCES TO HIS ATTORNEYS BY CDC&R.

OCT 10, 2007 PLANTIFF APPEARED BEFORE UCC COMMITTEE WITH WARDEN BEN CURRY, ASS. WARDEN J. SOARES AND FACILITY CAPTAIN TUCKER AT SOLEDAD FACILITY AND SUBMITTED ON RECORD A WRITTEN "CURRENT STATUS" AS REGARDS EXCLUSION FROM C.O.C.F. FACTORS SUCH AS:

- INTERNATIONAL TRANSFER TO CORRECTIONS CANADA (IN FINAL STAGE)
- PENDING LEGAL CASES IN CALIFORNIA
  CIVIL - SUPERIOR COURT OF CALIFORNIA CASE # 106 FL 13677
  CIVIL - UNITED STATES DISTRICT COURT NORTHERN DISTRICT CASE # C 07-3314



BRITISH COMMONWEALTH OF CANADA

CRIMINAL - UNITED STATES COURT OF APPEALS FOR THE 9TH CIRCUIT CASE # 06-16095

- LEGAL REPRESENTATION [EXHIBIT C]

OCT 10, 2007 AT UCC COMMITTEE PLANTIF AGAIN STATED HIS EXPRESS RIGHT TO COUNSEL OF HIS CHOICE [EXHIBIT D] (CAL. PENAL CODES §§ 2911, 1191)

OCT 19, 2007 APPEALS COORDINATOR P.G. DENNIS REVIEWED 2ND LEVEL APPEAL (CDC 602) CCR TITLE 15 § 3084 et SEQ AND DENIED APPEAL; RETURNED TO PLANTIFF OCT 22, 2007.

NOV 13, 2007 PLANTIFF FILED 3RD (FORMAL) LEVEL OF APPEAL [EXHIBIT A] WITH CORRECTION OFFICER WILKERSON C.T.F. R&R

NOV 13, 2007 PLANTIFF WAS TRANSFERED FROM C.T.F. SOLEDAD TO WASCO STATE PRISON RECEPTION CENTER.

NOV 20, 2007 WHILE AT WASCO STATE PRISON; PLANTIFF WAS DIAGNOSED BY LOCAL M.T.A./RN (T. SMITH) AND FOUND TO BE MEDICALLY INELIGIBLE FOR OUT-OF-STATE TRANSFER [EXHIBIT E]

DEC 5, 2007 PLANTIFF WAS TRANSFERED BACK FROM WASCO TO CTF SOLEDAD.

DEC 27, 2007 PLANTIFF APPEARED BEFORE UNIT IV UCC COMMITTEE FOR PLACEMENT BACK INTO GENERAL POPULATION OF CTF SOLEDAD

DEC 26, 2008 PLANTIFF WAS AGAIN CALLED BEFORE UCC COMMITTEE AND PUT-UP FOR TRANSFER AGAIN; THIS TIME ON THE PREMISE OF AN ENEMY CONCERN, THAT ENEMY CONCERN WAS A BATTERY ON PLANTIFF THAT OCCURED JULY 6, 2006; PLANTIFF DID NOT RETALLIATE TO A SIMPLE FIST FIGHT, AND REQUESTED SARGENT THAT NIGHT THAT A "COMPATABILITY CHRONO" BE AGREED UPON BETWEEN INMATES. BUT SARGENT REFUSED. PLANTIFF WAS MOVED FROM SOLEDAD NORTH TO SOLEDAD EAST DORM WHERE HE REMAINED WITHOUT INCIDENT UNTILL COMMITTEE DECIDED HE WAS AT "RISK" 1 1/2 YEARS AFTER THE INCIDENT!

JAN 15, 2008 PLANTIFF WAS TRANSFERED FROM C.T.F. SOLEDAD TO CMC WEST SAN LOUIS OBISPO, CA. WITHOUT OBJECTION

FEB 13, 2008 PLANTIFF WAS EXAMINED BY DR. MALEK FOR DENTAL PROBLEMS AND WAS REFUSED TREATMENT.

FEB 15, 2008 PLANTIFF APPEARED BEFORE ICC COMMITTEE AT CMC FOR INVOLUNTARY TRANSFER (2ND C.O.C.F TRANSFER) TO OUT-OF-STATE CORRECTIONAL FACILITY IN OKLAHOMA. [EXHIBIT F]

BRITISH COMMONWEALTH OF CANADA

## III LEGAL ARGUEMENT

IN STATING THIS CLAIM UNDER 42 USC§ 1983 PLANTIFF ALLEGE THAT: (1) HIS CONSTITUTIONAL RIGHTS AS GUARENTEED BY THE LAWS OF THE UNITED STATES WERE VIOLATED AND THAT (2) THE DIRECTOR OF CORRECTIONS; WARDEN OF C.M.C. WEST AND HIS PREREPRESENTATIVES AT ICC COMMITTEE ACTING UNDER COLOR OF AUTHORITY COMMITED OR ALLOWED THOSE VIOLATIONS TO OCCUR. WEST v. ATKINS 487 US 42, 48 (1988)

FIRST AND FOREMOST; TO SET THE RECORD STRAIGHT — PLANTIFF IS NOT ATTACKING THE STATES RIGHT TO TRANSFER INMATES FROM ONE INSTITUTION TO ANOTHER; AND IN FACT COMPLIED WITHOUT OBJECTION TO HIS TRANSFER FROM C.T.F. SOLEDAD TO CMC WEST.

HOWEVER;

WHAT THIS WRIT IS ATTACKING IS THE FACT THAT A FORCED OUT-OF-STATE TRANSFER - THAT IS NOT IN COMPLIANCE WITH STATE AND FEDERAL CONSTITUTIONAL PROTECTIONS, AND THAT PLANTIFF HAS BEEN FOUND PREVIOUSLY INELIGIBLE FOR TRANSFER AND NOW DEFENDANTS ARE PERSECUTING HIM AS A METHOD OF PUNISHMENT AND IGNORING HIS MEDICAL AND DENTAL CONDITIONS CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF VIII AMENDMENTS CONSTITUTIONAL RIGHTS

## IV CASE LAW

DEFENDANTS WILL NO DOUBT CITE OLIM v. WAKINAKONA 461 US 238, 248 (1983) AS A CONTROLLING CASE WITH REGARD TO LONG DISTANCE INTER-STATE TRANSFERS, STATING THAT PRISONERS HAVE NO CONSTITUTIONAL RIGHT TO INCARCERATION IN A PARTICULAR INSTITUTION. IN THE CASE OF WAKINAKONA SUPRA LET US SET THE RECORD STRAIGHT JUST WHY WAKINAKONA (A.K.A. "PINEAPPLE) WAS TRANSFERED FROM OHAU STATE PRISON HAWAII TO OLD FOLSOM - REPRESSA CA. WAKINAKONA WAS AN EXTREMELY VIOLENT CRIMINAL, AND HAD SERIOUSLY INJURED MANY (UP TO 6) INMATES



BRITISH COMMONWEALTH OF CANADA

WHILE AT OAHU PRISON. MANY OTHER INMATES WERE 'OUT-TO-GET HIM IE. A PLANNED KILLING OF WAKINAKONA. THE WARDEN, OLIM HAD NO CHOICE BUT TO "GET RID OF" WAKINAKONA, OR FACE GREAT VIOLENCE WITHIN THE PRISON. THIS GAVE HIM ENOUGH AUTHORITY TO FORCE THE LONG-DISTANCE TRANSFER TO MAINLAND CALIFORNIA - AWAY FROM ALL HIS NATIVE HAWAIIN FAMILY. HENCE IT BECOMES A CONTROLLING CASE FOR TRANSFER OBJECTIONS.

OUR CASE DOES NOT FALL UNDER WAKINAKONA; AS IT IS NOT THE DISTANCE THAT WE ARE OBJECTING TO; BUT THE DUE PROCESS OF OUT-OF-STATE TRANSFER.

NEXT LET US DEAL WITH MEACHUM v. FANO 427 US 215; 49 L.Ed 2d 451 (1976) THE BACKGROUND PRECEEDING LARRY MEACHUMS INVOLUNTARY TRANSFER FROM THE MASSACHUSETTS CORRECTIONAL INSTITUTION AT NORFOLK WAS THAT DURING A 2 1/2 MONTH PERIOD IN 1974 THERE WERE NINE SERIOUS FIRES SET AS INFORMANTS TESTIMONIES POINTED TO MEACHUM AND 5 OTHER RESPONDENTS WHO WERE RESPONSIBLE FOR THE FIRES. AGAIN, JUST CAUSE TO WARRENT ADVERSE TRANSFER. "ENGAGED IN CRIMINAL CONDUCT" Id AT P. 2535 MEACHUM HOWEVER RAISED THE QUESTION OF DUE PROCESS CLAUSE CONTAINED IN THE FOURTEENTH AMENDMENT: WHICH ENTITLES STATE PRISONER TO A (FULL AND FAIR) HEARING WHEN HE IS TRANSFERRED. "ABSENT A STATE LAW" OR PRACTICE CONDITIONING SUCH TRANSFERS" Id AT 2534 THE MEACHUM COURT CONCLUDED THAT: "THE COURT INDICATES THAT A "LIBERTY INTEREST" MAY HAVE EITHER OF TWO SOURCES ACCORDING TO THE COURT, A LIBERTY INTEREST MAY ORIGINATE IN THE CONSTITUTION, SUPRA AT 2539 OR IT MAY HAVE "ITS ROOTS IN STATE LAW' Id AT 2541

WITH RESPECT TO PLANTIFF; IN VIEW OF THE MEACHUM CASE; 1ST PLANTIFF HAS NOT ENGAGED IN ANY SERIOUS CRIMINAL ACTS



BRITISH COMMONWEALTH OF CANADA

In 9 years and 11 months of confinement that would warrant transfer out-of-state. Conversely Plaintiff has taken great care to "Program" obediently, holding A1A status since 1999 and employed at whatever job prison officials gave to him; including Prison Industry Authority Textiles and Wood Products Divisions.

Plaintiff claims due process violations of the XIV Amendments right to due process of law, or to deny persons within it's jurisdiction equal protection of the law. US Constitutional Amendment XIV.

Plaintiff was denied due process in several ways:

a) Plaintiff was denied the "Right to a private consultation with an attorney of his choice" Cal. Penal Code § 11191 (2007)

b) Plaintiff was prohibited from being informed of those rights "prior to executing the written consent" Cal. Penal Code § 11191 (2007) and at no time was offered opportunity or gave written consent as required by state law Johnson v. Moore 948 F.2d 517, 519 (9th Cir 1991)

c) Plaintiff has been denied due process rights in that he has been found medically ineligible [Exhibit E] by CDC staff and in accordance with Cal. Penal Code § 11191 (b) "Notwithstanding subdivision (a) no inmate with serious medical or mental health conditions, as determined by the Plata Receiver or an inmate in the mental health delivery system at the Enhanced Outpatient Program level of care or higher may be committed or transferred to an institution outside of this state unless he has executed a written consent to the transfer" Cal Penal Code § 11191(b)

d) Plaintiff is being forced to transfer without giving written consent as contained in state law: California Penal Code, Chapter 7 Article 1.5 Transfer of Prisoners § 2911 Consent to Transfer Subsection (c) "No inmate may be transferred from an institution within this state to a federal facility pursuant to a contract entered into pursuant to subdivision (a) unless he or she has executed, in the presence of the warden or other head of the institution in this state in which he or she is confined, a written consent to transfer. The inmate shall have the right to a private consultation with an attorney of his choice concerning his or her rights and obligations under this section prior to his or her appearance before the warden or other head of the institution for the purpose of executing the written consent. Cal Penal Code § 2911

e) Plaintiff was denied due process in that according to



British Commonwealth of Canada

CALIFORNIA CODE OF REGULATION TITLE 15 § 3379 INMATE TRANSFERS TRANSFER SHALL NOT OCCUR PRIOR TO INMATE SIGNING A CDC FORM 294 INTERSTATE COMPACT PLACEMENT AGREEMENT, WITNESSED BY THE INSTITUTION HEAD OR DELEGATE. CCR TITLE 15 § 3379(a)(6) MONTANYE v. HAYMES 427 US 236, 242 (1976)

P) PLANTIFF WAS DENIED DUE PROCESS BY FAILURE TO FOLLOW DEPARTMENT GUIDELINES CONTAINED IN D.O.M. § 62040.16 CONSENT "NO INMATE SHALL BE TRANSFERED TO A FEDERAL FACILITY UNLESS THEY HAVE EXECUTED IN THE PRESENCE OF THE WARDEN OR DESIGNEE A WRITTEN CONSENT TO TRANSFER CDC FORM 802 FEDERAL PRISON SYSTEM PLACEMENT AGREEMENT. INMATES SHALL BE INFORMED OF THEIR RIGHT TO PRIVATE CONSULTATION WITH AN ATTORNEY OF THEIR CHOICE CONCERNING ONES RIGHTS AND OBLIGATIONS UNDER PC 2911." D.O.M. § 62040.16 CONSENT

ADDITIONALLY; IN MEACHUM THE SYLLABUS STATES:

a) GIVEN A VALID CONVICTION THE CRIMINAL DEFENDANT HAS BEEN CONSTITUTIONALLY DEPRIVED OF HIS LIBERTY TO THE EXTENT THAT THE STATE MAY CONFINE HIM AND SUBJECT HIM TO THE RULES OF ITS PRISON SYSTEM SO LONG AS THE CONDITIONS OF CONFINEMENT DO NOT OTHERWISE VIOLATE THE CONSTITUTION. Id AT 2534

PLANTIFF WOULD BE CONSTITUTIONALLY DEPRIVED OF THOSE RIGHTS IN AN INVOLUNTARY TRANSFER OUT-OF-STATE IN THAT HE CONTENDS THAT:

a) HIS CRIMINAL CONVICTION IS INVALID AND IS CURRENTLY ON APPEAL IN THE UNITED STATES COURT OF APPEALS FOR THE 9TH CIRCUIT CASE NO. 06-16095. THAT COURTS RULES OF APPELLATE PROCEDURE F.R.A.P. RULE 23(a) SPECIFICALLY PROHIBIT TRANSFER OUT OF THE COURTS JURISDICTION (THIS POINT IS ON RECORD WITH THE 9TH CIRCUIT COURT) INTENTIONAL AND UNJUSTIFIABLE INTERFEARANCE WITH THE RIGHT TO OBTAIN JUDICIAL REVIEW OF THE LEGALITY OF CONFINEMENT.

PLANTIFF APPEARED BEFORE ICC COMMITTEE AT CMC. WEST ON FEB 15, 2008 [EXHIBIT F] AGAIN FOR CONSIDERATION OF OUT-OF-STATE TRANSFER. AT THIS MEETING PLANTIFF WAS INFORMED OF COMMITTEES DECISION TO ELECT HIM FOR OUT-OF-STATE TRANSFER



BRITISH COMMONWEALTH OF CANADA

TO OKLAHOMA. NO MEDICAL OR DENTAL SCREENING WAS DONE PRIOR NOR WAS PLANTIFF PERMITTED TO CONSULT WITH HIS ATTORNEY. WHEN COMMITTEE ALLOWED PLANTIFF TO ASK QUESTIONS AND PRESENT EVIDENCE, HE ASKED COMMITTEE:

1) IF IT WAS AWARE OF VIOLATIONS OF STATE AND FEDERAL LAWS

2) THAT HE HAD NOT BEEN ALLOWED ATTORNEY ACCESS

3) THAT HE WAS MEDICALLY INELIGIBLE FOR TRANSFER

AND WAS ABOUT TO PRESENT EVIDENCE THAT THE LITIGATION COORDINATOR MR. DAN PHERIGO OF C.D.C. SACRAMENTO, IN A LETTER TO KATHLEEN BOEGERS, CLERK OF THE 9TH CIRCUT COURT OF APPEALS FROM LINDA M. MURPHY U.S. DEPUTY ATTORNEY GENERAL STATED ON RECORD THAT: "MR. BONE WAS TRANSFERED FROM C.T.F. SOLEDAD TO C.M.C. SAN LOUIS OBISPO TO RECEIVE MEDICAL TREATMENT. "HE IS NOT BEING TRANSFERED OUT-OF-STATE." [EXHIBIT H]

BUT

BEFORE PLANTIFF COULD TABLE THIS EVIDENCE HE WAS ABRUPTLY CUT OFF BY CORRECTIONS OFFICER SANDOVAL WHO STATED: "OK BONE, PUT THE PENCIL DOWN THIS MEETING IS OVER." PLANTIFF INFORMED THE COMMITTEE THAT HE WISHED TO MAKE 1 MORE POINT, BUT THE COMMITTEE REFUSED TO HEAR ANY FURTHER.

THIS IS A SIMILAR SITUATION TO SHANGO v. JURICH 681 F.2d 1091 (7TH CIR 1982) QUOTING "BECAUSE SHANGO WAS TRANSFERED WITHOUT A HEARING, THE COURT CONCLUDED THAT HE HAD BEEN DEPRIVED OF LIBERTY WITHOUT DUE PROCESS OF LAW."

## V CRUEL AND UNUSUAL PUNISHMENT

THE U.S. CONSTITUTION AMEND VIII PROTECTS PRISONERS FROM CONDITIONS OF CRUEL AND UNUSUAL PUNISHMENT.

BRITISH COMMONWEALTH OF CANADA

PLANTIFF HAS BEEN SUFFERING FROM AN IMPACTED TOOTH SINCE MAY 2006 HE HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES; AND EVEN THE ATTENDING DENTIST P. BABINCO STATED: " MR. BONE I'M JUST WAITING UNTIL THE PAIN IS SO BAD THAT YOU BEG TO HAVE IT PULLED." GOES TO SHOW DELIBERATE INDIFFERENCE OF C.D.C. STAFF TOWARD INMATES. "TO SUSTAIN CLAIM FOR CRUEL AND UNUSUAL PUNISHMENT INMATE MUST PROVE DENIAL OF MINIMUM CIVILIZED MEASURE OF LIFES NECESSITIES OCCURING THROUGH DELIBERATE INDIFFERENCE BY PRISON PERSONNEL OR OFFICERS." KEENAN v. HALL 83 F.3d 1083, 1089 (9TH CIR 1996).

## VI MALICIOUS AND VENDICTIVE ACTION

PLANTIFF HAS PREVIOUSLY UNDERGONE THE STRESS AND DISPLACEMENT OF FORCED OUT-OF-STATE TRANSFER TO ARIZONA; AND BEING FOUND INELIGIBLE WAS RETURNED TO HIS SENDING INSTITUTION. THE DEPT. OF CORRECTIONS WAS NOT SATISFIED TO LET THE PLANTIFF RETURN TO HIS PREVIOUS JOB (HIS SUPERVISOR HAD HIGH REGARD AND GOOD RELATIONSHIP WITH HIM AS AN EMPLOYEE) AND HIS EARNED DORM ASSIGNMENT "MODEL BEHAVIOUR AND EDUCATIONAL EFFORTS" RICKERT v. STERNS 149 F.S. 452 (2001) BUT DECIDED TO "DIG UP SOMETHING" TO USE AGAINST HIM AS PREVIOUSLY STATED THIS WAS DEEMED TO BE AN ENEMY CONCERN THAT THE DEPT HAD NOT ACTED UPON FOR 1½ YEARS, AND STEMMED FROM A SIMPLE ALTERCATION THAT PLANTIFF RESTRAINED HIMSELF FROM RETALLIATION. IE HE DID NOT STRIKE BACK MATTHEW 5:39, LUKE 6:29 AND THIS IS NOW HOW HE IS REWARDED. HE WAS TRANSFERRED AND OFFERED NO OBJECTION TO C.M.C. WEST ON JANUARY 15, 2008.

NOW DEFENDANT **AGAIN** SEEKS TO PLACE THE HEALTH AND SAFETY OF PLANTIFF IN JEOPARDY IN ATTEMPTING ANOTHER TRANSFER.



BRITISH COMMONWEALTH OF CANADA

BRITISH COMMONWEALTH OF CANADA

THIS AMOUNTS TO LITTLE MORE THAN "BUS THERAPY"; AN UNWRITTEN POLICY TO CONTINUALLY MOVE INMATES FROM ONE INSTITUTION TO ANOTHER, NOT ALLOWING THEM TO SETTLE IN; LONG BUS RIDES AT ALL HOURS OF NIGHT, SHACKLED LIKE SLAVES - HANDS AND ANKLES, FREEZING COLD HOLDING TANKS, STRIPPED NAKED AND SEARCHED. ARRIVE AT A NEW PLACE FIND A JOB AND PROGRAM - WITHOUT THE ADDED STRESS OF ADAPTING TO A NEW ENVIRONMENT, ESTABLISH THEMSELVES WITH FELLOW INMATES AND SURVIVE SCRUTENY OF VARIOUS "SHOT CALLERS" WITH "PAPERWORK CHECKS" (REFERING TO CONVICTION CRIMES). SUCH WAS THE CASE IN WHITE v. LAMBERT 370 F.3d 1002 (2004) WHO WAS TRANSFERED FROM D.O.C FACILITIES TO C.C.C.F. ON NOV 2, 1999 AND ON JUNE 6, 2000 WAS RETURNED TO D.O.C FACILITY IN WASHINGTON STATE.

## VII INTERNATIONAL TRANSFER

PLANTIFF IS IN THE PROCESS OF AN INTERNATIONAL TRANSFER BETWEEN U.S. D.O.J. AND CORRECTIONS CANADA.

THIS IS NOW IN ITS FINAL STAGES AND WILL LIKEY PROCEED IN THE NEAR FUTURE. THESE NEGOTIATIONS HAVE BEEN ONGOING SINCE 1999 WHEN PLANTIFF FIRST APPLIED TO C.D.C. THROUGH FORM #830 APPLICATION FOR TRANSFER AND HAS BEEN REPEATEDLY ISSUED (LAST AT REQUEST OF INMATES COUNSELOR) THIS POINT WAS MADE CLEAR AT 1ST UCC MEETING OCT 10, 2007 AND SPECIFIC DETAILS; CONTACTS AND REPRESENTATIVES OF CDC SACRAMENTO AND CORRECTIONS CANADA WERE LISTED [EXHIBIT C] C.D.C. SACRAMENTO IS WELL AWARE OF PLANTIFFS STATUS REGARDING HIS INTERNATIONAL TRANSFER, AND THEREFORE SHOULD REALIZE THAT AN OUT-OF-STATE TRANSFER TO ARIZONA - OKLAHOMA ETC WOULD ONLY DUPLICATE EFFORT, AND WASTE TAXPAYERS TIME, RESOURCES

AND MONEY IN BUS AND PLANE TRANSPORTATION COSTS.

THESE TRANSFERS FROM STATE OF CALIFORNIA TO CANADA ARE A REGULAR AND ONGOING PROCESS; PLANTIFFS GOOD FRIEND PAUL (CORBAN) CLARK WAS TRANSFERED FROM C.T.F. SOLEDAD NORTH TO TORONTO CANADA IN MAY 2006.

## VIII CONCLUSION

PLANTIFF HAS ESTABLISHED THAT HIS CONSTITUTIONAL AND STATE LAW RIGHTS WERE VIOLATED, AND THAT A COMPLAINT UNDER THE CIVIL RIGHTS ACT § 1983 IS THE PROPER VENU FOR RELIEF. PLANTIFF HAS SET OUT IN CHRONOLOGICAL ORDER IN WHICH THOSE VIOLATIONS OCCURED, WITH SUPPORTING EXHIBITS. PLANTIFF HAS STATED HIS CLAIM WITH RESPECT TO CONSTITUTIONAL, FEDERAL AND STATE LAWS THAT WERE VIOLATED, AND NOT THE OBJECT OF OUT-OF-STATE TRANSFER THAT IS ERRONOUS; BUT THE METHOD THAT DEPT. OF CORRECTIONS IS APPLYING TO ENFORCE IT.

PLANTIFF HAS DEMONSTRATED DEFENDANTS DELIBERATE INDIFFERANCE ON TWO (2) OCCASIONS (DENTAL - ICC MEETING) TO FOLLOW PROPERLY PRESCRIBED LAWS AND POLICIES, THAT AMOUNT TO CRUEL AND UNUSUAL PUNISHMENT AND DEFENDANTS MALICIOUS AND VENDICTIVE ACTION TOWARD PLANTIFF.

ACCORDINGLY; PLANTIFF PETITIONS THIS COURT FOR THE FOLLOWING RELIEF:

BRITISH COMMONWEALTH OF CANADA

# IX RELEIF REQUESTED

- ISSUE **ORDER** TO SHOW CAUSE OR EVIDENTIARY HEARING
- ISSUE TEMPORARY INJUNCTION AGAINST DEFENDANTS TO PROHIBIT OUT-OF-STATE TRANSFER UNTIL ALL PROCEDURAL PROTECTIONS ADDRESSED.
- APPOINT COUNSEL OR AWARD ATTORNEY FEES
- ISSUE RESTRAINING **ORDER** AGAINST DEFENDANT TO PROHIBIT CONTINUAL HARASSMENT OR TRANSFER OF PLANTIFF
- **ORDER** DEFENDANT TO PROVIDE MEDICAL AND DENTAL CARE TO PLANTIFF
- GRANT ANY AND ALL OTHER RELIEF DEEMED NECESSARY OR APPROPRIATE.

DATED: FEB 21 2008

SIGNED: Donald D Bons
DONALD DOUGLAS BONS
PLANTIFF

PREPARED BY: ZENAS

BRITISH COMMONWEALTH OF CANADA

# TABLE OF AUTHORITIES


| CASES | | PAGE NUMBER |
|---|---|---|
| JOHNSON v. MOORE 948 F.2d 517, 519 (9TH CIR 1991) | | 5 |
| KEENAN v. HALL 83 F.3d 1083, 1089 (9TH CIR 1996) | | 8 |
| MEACHUM v. FANO 427 U.S. 215; 49 L.Ed2d 451 | | 4,6 |
| MONTANYE v. HAYMES 427 US 236, 242 (1976) | | 6 |
| OLIM v. WAKINEKONA 461 US 238, 248 (1983) | | 3 |
| RICKERT v. STERNS 149 F.S. 2d 452 (2001) | | 8 |
| SHANGO v. JURICH 681 F.2d 1091 (7TH CIR 1982) | | 7 |
| WHITE v. LAMBERT 370 F.3d 1002 (2004) | | 9 |
| WEST v. ATKINS 487 US 42, 48 (1988) | | 3 |

**LAW**

| | | |
|---|---|---|
| FEDERAL | UNITED STATES CONSTITUTION VIII AMENDMENT | 5 |
| | UNITED STATES CONSTITUTION XIV AMENDMENT | 4 |
| | FEDERAL RULES OF APPELLATE PROCEDURE FRAP 23(a) | 6 |
| | 42 U.S.C § 1983 | 1,3,10 |
| | 28 U.S.C § 1915A (a) | 1, |
| STATE | CALIFORNIA PENAL CODE § 11191 | 2,5 |
| | CALIFORNIA PENAL CODE § 2911 | 2,5 |
| LOCAL | C.C.R. TITLE 15 § 3084 APPEALS | 2 |
| | C.C.R. TITLE 15 § 3379 INMATE TRANSFERS | 6 |
| | D.O.M. § 62040.16 CONSENT | 6 |
| SCRIPTURE | MATTHEW 5:39; LUKE 6:29 | 8 |

**EXHIBITS**

| | | |
|---|---|---|
| EXHIBIT A | DIRECTORS LEVEL APPEAL | 1,2 |
| EXHIBIT B | MEMO TO ATTORNEY ABE CAHMY | 1 |
| EXHIBIT C | CURRENT STATUS - EXCLUSION FROM CCCF TRANSFER | 2,8 |
| EXHIBIT D | MEMORANDUM RIGHT TO COUNSEL | 2 |
| EXHIBIT E | INELIGIBLE FOR OUT-OF-STATE TRANSFER/MEDICAL | 2,5 |
| EXHIBIT F | ICC CLASSIFICATION NOTICE FEB 15, 2008 | 2,6 |
| EXHIBIT G | ELIGIBLE FOR TRANSFER/DENTAL | 1 |
| EXHIBIT H | LETTER TO KATHLEEN BOEGERS 9TH CIRCUIT COURT | 7 |


BRITISH COMMONWEALTH OF CANADA

EXHIBIT A

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: DEC 12 2007

In re: Donald Bone, P30877
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

IAB Case No.: 0712526 Local Log No.: CTF-07-04021

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner E. Allen, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I **APPELLANT'S ARGUMENT:** It is the appellant's position that the Department is violating the United States Constitution, Federal and State law by involuntary transferring inmates to out-of-state facilities. The appellant requests to have his name removed from any and all out-of-state transfer lists.

II **SECOND LEVEL'S DECISION:** The reviewer found that the appellant has failed to demonstrate why he should be excluded from out-of-state transfer. A review of the information currently available indicates that the appellant is eligible for transfer and that the transfer does not pose a threat to his safety. The policies and procedures governing the out-of-state transfer were adhered to and he was deemed eligible for transfer. The appeal was denied by the Second Level of Review (SLR).

III **DIRECTOR'S LEVEL DECISION:** Appeal is denied.

A. **FINDINGS:** The Director's Level of Review (DLR) reviewed the issues of the appellant's appeal and reaffirms the institution's examination and conclusions as addressed within the SLR. The DLR notes that on October 17, 2007, a Classification Staff Representative (CSR) endorsed the appellant for transfer to California Out-of-State Correctional Facility. The transfer approval expires on February 14, 2008, and will require return to a CSR for re-authorization. The appellant's current Earliest Possible Release Date of September 18, 2018, does not exclude him from being transferred.

The information that the appellant provided does not alter his eligibility for involuntary transfer using the criteria currently in place. Furthermore, since the transfer is involuntary, consent is not required.

Every effort has been made to reduce the impact of out-of-state transfers on the inmate population as a whole. Therefore, a process was implemented, to identify those inmates least likely to have family ties, require special services, or be involved in programs that would be affected by an out-of-state transfer. The Governor's October 4, 2006 proclamation, which declared a state of emergency in the state's prison system and ordered the CDCR to transfer inmates out-of-state to alleviate overcrowding, did not include any of the discretionary criteria. The first involuntary transfer criteria group ordered by the Governor is "Inmates who: (a) have been previously deported by the federal government and are criminal aliens subject to immediate deportation; or (b) have committed an aggravated felony as defined by federal statute and are subject to deportation." This is any inmate with an active Immigration and Customs Enforcement (ICE) hold. It is noted that all inmates with an active ICE hold are currently subject to involuntary transfer regardless of race. This criteria group has no condition that only inmates without family ties were to be involuntarily transferred. Any inmate in the group is subject to involuntary transfer, regardless of family ties. The CDCR may have exercised its discretion by starting involuntary transfers with those inmates in the group with few family ties in California, but that exercise of discretion does not create a right for any inmate in the criteria group to be excluded from an involuntary transfer.

As to any right to consent to an out-of-state transfer, the California Penal Code Section 11191 was amended in May 2007, to delete the portion that required consent for transfers to out-of-state institutions. Any references to consent in the current Section 11191 apply only to inmates who have serious medical or mental health conditions. Any inmate without a serious medical or mental health condition has no

right to consent and therefore is subject to being involuntarily transferred to an out-of-state correctional facility. The section currently states: "(a) Any court or other agency or officer of this state having power to commit or transfer an inmate (as defined in Article II (d) of the Interstate Corrections Compact or of the Western Interstate Corrections Compact) to any institution for confinement may commit or transfer that inmate to any institution within or without this state if this state has entered into a contract or contracts for the confinement of inmates in that institution pursuant to Article III of the Interstate Corrections Compact or of the Western Interstate Corrections Compact. The inmate shall have the right to a private consultation with an attorney of his choice, or with a public defender if the inmate cannot afford counsel, concerning his rights and obligations under this section, and shall be informed of those rights prior to executing the written consent...(b) Notwithstanding subdivision (a), no inmate with serious medical or mental health conditions, as determined by the Plata Receiver, or an inmate in the mental health delivery system at the Enhanced Outpatient Program level of care or higher may be committed or transferred to an institution outside of this state unless he has executed a written consent to the transfer."

**B. BASIS FOR THE DECISION:**
California Penal Code Section: 2911, 5058, 11191
California Code of Regulations, Title 15, Section: 3004
California Emergency Services Act set forth at Title 2, Division 1, Chapter 7 of the California Government Code, commencing with Section 8550

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc: Warden, CTF
Appeals Coordinator, CTF
COCF

EXHIBIT B

N O T I C E

Mr. Abe Canhy
Attorney on Retainer to: C.D.C. &
Institute of Administrative Justice
231 Market Place #230
San Ramone, CA.
94583

Subject: PRISON TRANSFER PROGRAM (COCF)

Dear Sir: Pursuant to our conversation on Oct. 4, 2007; 09:00Hrs C.T.F. Soledad "Y" Wing, and as I informed you personally, and those Officers of the Institution present at this meeting:

I respectfully decline your Legal Advice Services as prescribed by California Penal Code § 11191.
In accordance with this Law, and I quote: "The Inmate Shall have the right to a Private Consultation with an **Attorney of his choice**...,
(Bold and underlining added)

My choice is to avail myself of my own private attorneys who will be in contact with you at the above address.

This same Right to Counsel of choice is echoed in: The Vienna Convention 21 U.S.T. 77 T.I.A.S. #6820; CCR Title 15 § 3379 Inmate Transfers; and D.O.M. § 62040.16 Consent.

Be advised that my Counsel is well versed in these matters and highly concerned that Due Process of Law be followed to the letter.

Copies of this Notice will be forwarded to the California Parole Advisory Board, C.D.C. Sacramento, and my attorneys.

Dated: Oct 4 2007

Signed: Donald D Bone
Donald D Bone

Donald D Bone P.30877
C.T.F. Soledad, East Dorm
P.O. Box 689
Soledad, CA. 93960-0689

cc: Canadian Consulate General
California Parole Advisory Board
C.D.C. Sacramento
M.F. Baldwin, Attorney at Law
Inmate Central File

IN NOMINI DOMINI NOSTRI JESUS CHRISTI

EXHIBIT C

CURRENT STATU (As regards Exclusion from C.O.P.)

| NAME | C.D.C.# | HOUSING UNIT |
| --- | --- | --- |
| BONE, Donald D | P.30877 | East Dorm ED-106u |

(1) (Final Stage) **INTERNATIONAL TRANSFER to:**
Corrections Canada

Contact C.D.C. Ron Franz/Tim Baker
C.D.C. Sacramento, 1515 "K" Street
(916) 445-4072

---

Contact Corrections Canada
Hamza Al-Baghdadi/Brian Bencze
340 Laurier Ave. West
Ottawa, Ontario. CAN K1A 0P9
(613) 947-9708 Tel
(613) 952-7676 Fax

(2) **PENDING LEGAL CASES** Case #

Civil (a) Superior Court of California 106FL 136777
Family Law Division
170 Park Center Plaza
San Jose, CA. 95113
(408) 534-5711 (Clerks Office)
(408) 534-5600 (Main Number)
Requires Personal Court Appearance by Law

Criminal (b) Ninth Circut Court of Appeals
95 Seventh Street
San Francisco, CA. 94119-3939
(Court reply due: Sept. 10, 2007)

**MEDICAL/DENTAL**

Case #

Civil (c) United States District Court C-07-3314 (PR)
450 Golden Gate Ave.
San Francisco, CA.

Inmate Appeal #602 Log No. CTF-S-07-02116
Pending 3rd Level Appeal

**LEGAL REPRESENTATION**

Canadian Consulate General
550 S. Hope St. 9th Floor
Los Angles, CA.
Myra Pastyr Lupal (Diplomatic Counselor)
(213) 346-2721 Tel
(213) 620-8827 Fax

Maureen Furlong Baldwin Attorney at Law
586 N 1st Street Suite #221
San Jose, CA. 95112

I acknowledge receipt of this document, acting under color of authority.

Signed: ________________ ________________ ________________

Title: ________________ ________________ ________________

EXHIBIT D

October 10, 2007

# M E M O R A N D U M

To: UCC Committee Oct 10, 2007 (COCF)

From: Donald D Bone P.30877
C.T.F. Soledad, ED-106u

Subject: <u>RIGHT TO COUNSEL</u>

It is my express wish that this Committee respect my Rights to consult with an Attorney of <u>MY choice</u>.
This Right is guarenteed by California Penal Code § 2911 and Penal Code § 11191.

The Department attempted to provide a State appointed Lawyer on Oct 4, 2007 at 09:40Hrs, a Mr. 'Abe Cahmy.

As I explained to Mr. Cahmy in person and in writing, notifying all applicable Authorities:

**I decline the Legal Advice Service of the Representatives of the Department of Corrections (Defendants) and choose by Law; the appointment of counsel of my choice.**

Until such time as I have been given access to <u>my Legal Counsel</u>, I respectfully request this meeting be postponed, in the interests of Due Process of Law, guarenteed by the Constitution of the United States.

Dated: Oct 10. 2007

Signed: [signature]
Donald D Bone

EXHIBIT E

NUMBER: P30877 NAME: Bone, Donald HOUSING: COCF A4 105U

## ELIGIBILITY STATEMENT FOR OUT – OF – STATE TRANSFERS

This Inmate is: (X) Ineligible ( ) Eligible

Reason: (X) Medical Condition
( ) Mental Health
( ) Dental
( ) Pending Consultation
( ) Other ______

**HOLD** ( ) TEMPORARY
( ) PERMANENT

If **HELD** state the reason (i.e. Dental Code 1 etc.) ______

T. Smith, RN
Wasco State Prison - RC

Name/Title
(Print)

[signature]
Signature

C-FILE
UHR
INMATE

**DATE:** 11-2007 **INFORMATIONAL CHRONO** **INST: WSP-RC**

**128-C**

# EXHIBIT F

EXHIBIT G

NUMBER: T30371 NAME: Xiong HOUSING: CDC 128C

## ELIGIBILITY STATEMENT FOR OUT-OF-STATE TRANSFERS

Per the UHR Review, this inmate is: (✓) Eligible ( ) Ineligible

Reason: ( ) Medical Condition ( ) Mental Health ( ) Dental ( ) Pending Consultation ( ) **TEMPORARY**

**If Temporary, state reason (i.e. Dental Code 1, etc.)** Refused dental rx - eligible to transfer as class 3

Clinician Name/Title (Print)

Signature

-File
led File
mate

**ATE:** 9/5/7 **MEDICAL-DENTAL-PSYCHIATRIC CHRONO** **INST:** CTF

EXHIBIT H

*EDMUND G. BROWN JR.*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-1334
Facsimile: (415) 703-1234
E-Mail: Linda.Murphy@doj.ca.gov




January 14, 2008

Ms. Kathleen Boegers
United States Court of Appeals
Ninth Circuit
95 Seventh Street
San Francisco, CA 94102

RE: *Donald Bone v. Gail Lewis*
United States Court of Appeals, Ninth Circuit, Case No. 06-16095

Dear Ms. Boegers:

As we discussed yesterday, I spoke with Dan Pherigo in the Litigation Coordinator's office at California Department of Corrections and Rehabilitation about the status of inmate Donald Bone. According to Mr. Pherigo, Mr. Bone was recently transferred back from Arizona for medical reasons. He is being transferred from the Soledad Facility (Correctional Training Facility) to the San Luis Obispo Facility (California Men's Colony), which is about 100 miles from Soledad, so he can receive medical treatment. He is not being transferred out of state. His medical transfer within the institution does not violate F.R.A.P. 23(a). I have no objection to any extension of time Mr. Bone may need in order to file his reply brief (and serve a copy on our office) in light of his transfer to CMC. I will be filing the appellee's brief by January 25, 2008.

Please call me if you have any further questions. Thank you.

Sincerely,

RAEh for

LINDA M. MURPHY
Deputy Attorney General

For EDMUND G. BROWN JR.
Attorney General

LMM:sc
bone ninth cir letter re transfer jan 2008.wpd

DECLARATION AND PROOF OF SERVICE BY MAIL

CASE No. ____________

DONALD D BONE
Plantiff
v.
DIRECTOR JAMES E TILTON
CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION
AND
WARDEN JOHN MARSHAL
CALIFORNIA MENS COLONY
OFFICIALL & INDIVIDUALLY
DEFENDANTS et al

C.O.C.F.

CALIFORNIA OUT-OF-STATE CORRECTIONAL FACILITY TRANSFERS

I DONALD DOUGLAS BONE, CITIZEN OF THE BRITISH COMMONWEALTH OF CANADA, DECLARE:

THAT I AM OVER 18 YEARS OF AGE, AND NAMED IN THE ABOVE MENTIONED MOTION. MY CURRENT PLACE OF CUSTODY IS: C.M.C. WEST P.O. BOX 8301 SAN LOUIS OBISPO, CA. 93403-8301 ON FEB 21, 2008 OR THEREABOUTS I DELIVERED TO THE PRISON OFFICIALS VIA INSTITUTIONAL LEGAL MAIL AS PER TITLE 15 § 3141 A COPY OF COMPLAINT UNDER CIVIL RIGHTS ACT POSTAGE FULLY PAID AND ADDRESSED TO:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVE.
SAN FRANCISCO, CA. 94102

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT (AS PER TITLE 28 USC § 1746) EXECUTED THIS 21ST DAY OF FEBRUARY, 2008 AT SAN LOUIS OBISPO, CA. ZENAS.

DONALD DOUGLAS BONE
PLAINTIFF

CALIFORNIA MEN'S COLONY
STATE PRISON
SAN LUIS OBISPO CA 93409



UNITED STATES POSTAGE
$ 01.99⁰
02 1M
0004247478 FEB 22 2008
MAILED FROM ZIP CODE 93401



RECEIVED
FEB 2 5 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States District Court
For the Northern District of California
450 Golden Gate Ave
San Francisco, CA.
94102



LEGAL MAIL:
Confidential