IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD DOUGLAS BONE,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION; WARDEN JOHN MARSHAL, CALIFORNIA MEN'S COLONY,<br><br>Defendants. | No. C 08-1156 MMC (PR)<br><br>**ORDER OF TRANSFER**<br><br>**(Docket Nos. 2 & 4)** |

On February 27, 2008, plaintiff, a California prisoner incarcerated at the California Men's Colony ("CMC") in San Luis Obispo, California, and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the Director of the California Department of Corrections and Rehabilitation ("CDCR") and the Warden of CMC are violating his constitutional right to due process by ordering that he be transferred to Canada. He seeks injunctive relief prohibiting said transfer.

Venue may be raised by the court sua sponte where the defendant has not filed a responsive pleading and the time for doing so has not run. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the

same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. See 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." See 28 U.S.C. § 1406(a).

It is clear from the complaint that plaintiff's claims arise out of acts alleged to have been committed by the Director of the CDCR in Sacramento, California, and by the Warden of CMC, in San Luis Obispo, California. Neither Sacramento nor San Luis Obispo is located within the venue of the Northern District. Rather, Sacramento, in Sacramento County, is located in the Eastern District of California, and San Luis Obispo, in San Luis Obispo County, is located in the Central district of California. See 28 U.S.C. § 84(b), (c). Accordingly, venue is proper in either the Eastern District or the Central District, but not in the Northern District. As plaintiff claims that the Director of the CDCR has prevailing authority with respect to where plaintiff will be transferred, and has in the past ordered plaintiff transferred from one institution to another, the Court will transfer the action to the Eastern District.

Accordingly, in the interest of justice, and pursuant to 28 U.S.C. § 1406(a), the above-titled action is hereby TRANSFERRED to the United States District Court for the Eastern District of California. In light of the transfer, this Court will defer to the Eastern District with respect to plaintiff's application to proceed in forma pauperis.

This order terminates Docket Nos. 2 and 4.

IT IS SO ORDERED.

DATED: August 27, 2008

_____
MAXINE M. CHESNEY
United States District Judge

2